## J. S. HIGDON, ET AL., *v.* GARRETT POTTER'S ADM'R.

**Decedent's Estates—Appointment of Administrators.**

It is irregular for the county court to grant letters of administration of two estates in one order and appoint one administrator of both estates and require of him but one bond. However, the action of the court in doing so was not void, and the bondsmen in such bond are bound by the conditions of the bond.

**Presumption of Death.**

Where an administrator of an estate has been appointed upon the showing of the death of an intestate, the court will presume that said person is dead unless satisfactory proof to the contrary is shown.

### APPEAL FROM EDMONSON CIRCUIT COURT.

February 28, 1877.

OPINION BY JUDGE ELLIOTT:

There can be no doubt but that it was irregular for the county court to grant letters of administration of two estates, that of Mrs. Parmelia Potter and her son, in one order, and appoint appellant, J. S. Higdon, administrator of both estates and require of him but one bond.  But although unusual and irregular, the action of the county court was not void, and as the other appellants voluntarily entered into bond with Higdon, by which they bound themselves for his dereliction of duty as administrator of both estates, we cannot say that the bond is not of binding force.

But it is insisted that the death of Garrett Potter is denied, and as this is a suit to recover as his administrator the estates inherited by him as heir of his wife and child, his death must be established by proof.  The appellee was appointed administrator of Garrett Potter's estate in Edmonson county, and according to the proof, Potter, at the time of his death, was domiciled in the state of Missouri, but the estate coming to him as heir of his wife and child was in the hands of appellant, Higdon, in Edmonson county.

The appointment of appellee as administrator of Garrett Potter's estate is prima facie evidence that he was then dead, and that his

death was established by proof at the time of the appointment of appellee as his administrator. If it were not true that he was dead, appellants, who were notified of the county and state of his residence, could have proved it, and having failed to do it, the presumption must be indulged that he is dead.

The judgment is fully sustained by the settlement of the administrator of Parmelia and Isaiah Potter made with the county court, and the evidence that the county judge failed to sign the order appointing Higdon administrator is insufficient to overturn the record of his appointment as certified by the clerk of the county court to have been made at a regular term of the Edmonson County Court and to have been an order of court. Orders and judgments of courts would be of little value if they could be overturned by parol evidence, and a clerk's certificate to the verity of a record would be valueless if he could turn round and disprove it by his deposition.

Perceiving no error to appellants' prejudice, the judgment is *affirmed.*

*R. Rodes, for appellants.  P. F. Edwards, for appellee.*